IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAURICE P. OLIVIER,

    Plaintiff,

v.

MATTHEW CATE, et al.,

    Defendants.

No. C 12-04558 SBA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. He alleges that various officials at the Correctional Training Facility ("CTF") conspired to find him guilty in a disciplinary matter. Plaintiff names California Department of Corrections and Rehabilitation Director Matthew Cate as well as the following CTF prison officials: R. White; C. B. Tucker; D. M. Dunstan; C. A. Freeman; Cox; A. Seidlitz; and R. A. Ruano. Plaintiff seeks monetary damages. Venue is proper because the events giving rise to the claim are alleged to have occurred at CTF, which is located in this judicial district. See 28 U.S.C. § 1391(b).

## DISCUSSION

### I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

1 violated, and (2) that the alleged violation was committed by a person acting under the color
2 of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Background

On March 23, 2012, Defendant Ruano informed Plaintiff that he needed to prepare or "trans-pack" his property because he was being transferred to another institution. Plaintiff informed Defendant Ruano that he had a valid medical hold, and refused to obey the order to prepared to the transfer. As a result, on March 24, 2012, Defendant Ruano issued a Rules Violation Report ("RVR") against Plaintiff charging him with Willfully Delaying or Obstructing a Peace Officer in the Performance of His Duty.

On March 27, 2012, Plaintiff appeared for his disciplinary hearing on the RVR. He pled not guilty and did not request witnesses at the hearing. Thereafter, Plaintiff was found guilty of the aforementioned charge and assessed ninety days forfeiture of credit and placed on Privilege Group C-status ("C-status") for ninety days.

Plaintiff then submitted a 602 inmate appeal challenging the guilty finding, claiming that he had a valid medical hold and should not have been on the transfer list. He requested that the guilty finding on his disciplinary record be expunged, that his forfeited credit be restored, that his confiscated entertainment appliances be returned, and that he be returned to daily yard access.

At the second level of review, the reviewer partially granted his 602 appeal. Specifically, the reviewer vacated and dismissed the guilty finding because Plaintiff in fact had a valid medical hold and should not have been on the transfer list. The reviewer further granted Plaintiff's requests to expunge the guilty finding from his disciplinary record, to restore any forfeiture of credits, and to return his entertainment appliances. Plaintiff's request to be returned to daily yard access was denied due to "current operational procedures in which yard access is determined by an inmate[']s assigned Work Group/Privilege Group." Compl., Ex. 2.

Plaintiff claims that as a result of the "unlawful" guilty finding, he was placed on C-status for forty-nine days, which resulted in a loss of daily yard access during that time.

**III.     Legal Claims**

In the instant action, Plaintiff alleges that Defendants conspired to have him found guilty at the March 27, 2012 disciplinary hearing.  A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.  Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999).  To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement.  Id.

Here, Plaintiff's allegations of conspiracy are entirely conclusory, and he has failed to otherwise establish any nexus between the named Defendants and any constitutional violation.  The mere fact that Defendants were involved with the disciplinary process fails to demonstrate they conspired with the others.  Accordingly, Plaintiff's conspiracy claim is DISMISSED for failure to state a claim for relief.

Even if Plaintiff had alleged facts sufficient to demonstrate the existence of a conspiracy, his allegations fail to show any constitutional violations.  Plaintiff alleges that his due process rights were violated because he suffered a forty-nine-day loss of daily yard access as a result of this "unlawful" guilty finding.  Interests protected by the Due Process Clause may arise from two sources -- the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976).  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance."  See id. at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.

The hardship associated with administrative segregation (or in this case being placed on C-status), such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, is not so severe as to violate the Due Process Clause. See Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (applying Hewitt v. Helms, 459 U.S. 460 (1983)), cert. denied, 481 U.S. 1069 (1987). Here, Plaintiff's alleged deprivation of forty-nine days of yard access does not give rise to a cognizable due process claim. Accordingly, Plaintiff's due process claim is DISMISSED for failure to state a claim for relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted. Since further amendment to the pleadings would be futile, said dismissal is without leave to amend.

Further, this Court CERTIFIES that any motion for leave to proceed in forma pauperis ("IFP") on appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 445 (1962); Gardner v. Pogue, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

Plaintiff's motion for an updated status report on this case is GRANTED. Dkt. 10. The Clerk of the Court shall send Plaintiff a copy of the docket sheet with his copy of this Order. The Clerk shall enter judgment, terminate all remaining pending motions as moot (Dkt. 11), and close the file.

This Order terminates Docket Nos. 10 and 11.

IT IS SO ORDERED.

DATED: 2/12/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge